PHILADELPHIA NATIONAL INS. CO., APPELLEE, *v.*
SCOVANNER, APPELLANT.

(No. 7119—Decided July 11, 1949.)

*Messrs. Doyle, Tomlin & Doyle,* for appellee.
*Messrs. Pogue, Helmholz, Culbertson & French,* for
appellant.

BY THE COURT. This is an appeal from a judgment
by the Municipal Court of Cincinnati, in favor of an
indemnitor that had paid the damage, less $25 as pro-
vided in a deductible clause of an insurance policy, re-
sulting from a collision between two automobiles. At
the close of the plaintiff's evidence, the defendant an-
nounced that he rested, and, thereupon, the plaintiff
moved for an instructed verdict. On this motion, the
court withdrew the case from the jury and entered
judgment for the plaintiff.

Early in the proceedings in the trial court, the
defendant raised, by demurrer, the issue of a defect
of parties, in that the insured was a necessary party,
because of the provision in the policy whereby the in-
sured agreed to bear the loss up to $25. This claim
was maintained throughout the proceedings in the trial
court, and is urged here as a ground of reversal. We
think the point is well taken.

The plaintiff paid $25 less than the total damage.
The insured then executed a "subrogation receipt"
reciting "In consideration of such payment the under-
signed hereby assigns and transfers to the said com-

pany all claims and demands against any other party, person, persons, property or corporation arising from or connected with such loss or damage, and the said company is hereby subrogated in the place of and to the claims and demands of the undersigned, against said party, person, persons, or corporation, to the extent of the amount above named, and the said company is hereby authorized and empowered to sue, compromise or settle in his name or otherwise to the extent of the money paid as aforesaid."

The "subrogation receipt" was executed in pursuance of a provision in the policy that "In the event of payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights."

The meaning of the language is not entirely free from doubt and under such circumstances it must be construed most strongly against the insurer. Following that rule, we must conclude that the claim was assigned to the extent only that the insurer had paid and as that was less than the total damage, the claim was split and the part in excess of the payment by the insurer was retained by the insured. It is manifest from the language that the only thought of the parties was to secure reimbursement to the insurer of the amount of its payment and not that it would derive a profit by performing its obligation under the policy. Perhaps a provision in the policy for an assignment of the total claim against the third person would be supported by a sufficient consideration. It would seem that such a provision should be in clear and unmistakable language.

In *City of New York Ins. Co.* v. *Tice*, 159 Kan., 176,

152 P. (2d), 836, 157 A. L. R., 1233, an identical provision in a policy was assumed to provide for a subrogation to the extent only of the payment by the insurer leaving the insured still the owner of the deductible sum of $50.

It is our conclusion that there was a defect of parties, and that the court erred in overruling the defendant's demurrer.

Another error assigned is that the court erred in discharging the jury and entering judgment for the plaintiff. We are of the opinion that this point also is well taken.

While the defendant introduced no evidence, it cannot be said that the plaintiff, on whom the burden of proving negligence rested, had proven as a matter of law that the defendant was negligent, and that no inference of contributory negligence could be drawn from its evidence. The evidence presents a dim picture of what transpired. It does not clearly appear that defendant entered the intersection against the traffic light. Nor is it clear that the plaintiff's assignor exercised his senses and acted as a reasonably prudent person should under the circumstances.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.